UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Leon Muldrow, | ) C/A No. 4:12-2330-RBH-TER |
| Petitioner, | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| Judge James E. Lockemy; Patricia S. Parr, Asst. Solicitor; Michael S. Bell, Public Defender, | ) |
| Respondents. | ) |

Petitioner, Edward Leon Muldrow, ("Petitioner"), proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 28 U.S.C. § 2254 for habeas corpus relief. Pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC), this matter is before the assigned United States Magistrate Judge for initial screening. Petitioner again seeks to challenge his March 27, 2000 conviction and sentence of 12 years imprisonment for distribution of crack cocaine 2nd offense (violation of S.C. Code § 44-53-375(b)) following Petitioner's guilty plea in Florence County General Sessions Court before Judge James E. Lockemy.[1] Petitioner previously filed a § 2254 habeas petition in this Court attacking this same conviction, on February 25, 2005, in *Muldrow v. South Carolina*, C/A No. 3:05-388-RBH-JRM (D.S.C.). In that case, the respondent's motion for summary judgment was granted and Petitioner's § 2254 habeas petition was dismissed because it

---

[1] A prisoner's custodian is the proper respondent in a habeas corpus action. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Because it does not appear that Petitioner is currently in custody, and because the undersigned recommends that the Petition be summarily dismissed without prejudice and without requiring a return to be filed, the undersigned has retained the case caption with the Respondents as named by Petitioner.

1

was untimely and because the grounds asserted therein were without merit and/or procedurally barred. *See* Order, *Muldrow v. South Carolina*, C/A No. 3:05-388-RBH-JRM (D.S.C., Mar. 13, 2006), ECF No. 32. This disposition constituted a final adjudication on the merits determining the legality of Petitioner's detention. *See* 28 U.S.C. § 2244(a); Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 485-89 (1999); *Harvey v. Horan*, 278 F.3d 370, 379-80 (4th Cir 2002) (abrogated on other grounds *Skinner v. Switzer*, 131 S.Ct. 1289, (2011)). Petitioner filed a second § 2254 habeas petition in this Court attacking this same conviction on April 30, 2007, in *Muldrow v. Warden Evans Correctional Institution*, C/A No. No. 3:07-1170-RBH-JRM (D.S.C.). In that case, Petitioner's § 2254 habeas petition was summarily dismissed without prejudice and without requiring the respondent to file a return, because Petitioner had not obtained authorization from the United States Fourth Circuit Court of Appeals to file a second or successive § 2254 habeas petition. *See* Order, *Muldrow v. Warden Evans Correctional Institution*, C/A No. No. 3:07-1170-RBH-JRM (D.S.C., July 24, 2009).[2] In the instant case, Petitioner does not allege that he has sought or obtained the authorization of the Fourth Circuit to file this successive § 2254 petition.[3] Therefore, under 28 U.S.C. § 2244(b)(3)(A)-(E) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, this § 2254 Petition should be summarily dismissed, without prejudice and without requiring Respondents to file a return.

---

[2] The undersigned takes judicial notice of Petitioner's prior proceedings in this Court. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[3] The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 U.S. Dist. LEXIS 68795, 2010 WL 2720912 (D.S.C. July 08, 2010).

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is charged with screening Petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.

This Court is required to liberally construe *pro se* petitions. *Erickson v. Pardus*, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *id*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings

to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND AND DISCUSSION

In the instant petition, Petitioner alleges fraud, subject matter jurisdiction, actual innocence, ineffective assistance of appeals counsel, ineffective corrective process, and deliberate indifference from various officials. *See* Petition, ¶ 18, ECF No. 1, p. 13. Petitioner claims that he was convicted and sentenced on a second offense distribution of crack cocaine charge when he actually should have been convicted and sentenced only on a first offense distribution of crack cocaine charge. Petitioner also alleges that his offense/conviction was incorrectly designated as "no parole offense" and he was illegally required to serve 85% of his sentence and then required to participate in a two-year community supervision program, following his release from prison on March 1, 2010. Petitioner claims that the arrest warrant, indictment, and forensic laboratory report used against him were falsified and that the assistant solicitor and his assistant public defender colluded to force Petitioner to plead guilty to a false charge. However, this Court may not address the merits of these arguments at this time, as this Petition is successive and cannot be entertained without leave from the Fourth Circuit.

Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) without first receiving permission to do so from the appropriate circuit court of appeals. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). The

4

"gatekeeping" mechanism created by the AEDPA added 28 U.S.C. § 2244(b)(3)(A) to provide that, "*[b]efore* a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. (emphasis added).[4]

The "AEDPA does not define 'second or successive.'" *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485-489 (1999) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits) and *Harvey v. Horan*, 278 F.3d 370, 379-80 (4th Cir. 2 002) (dismissal of a habeas petition for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive) (abrogated on other grounds, *Skinner v. Switzer*, 131 S.Ct. 1289, 179 L. Ed. 2d 233 (2011). Petitioner's previous petition in C/A No. 05-388 was dismissed on the merits as untimely filed and procedurally defaulted.

Since Petitioner has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from the Fourth Circuit Court of Appeals under the standard established in section 2244(b). *In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) Consequently, the § 2254 petition in the above-captioned case is subject to dismissal under 28 U.S.C. § 2244(b)(3)(A)-(E) and Rule 9 of the Rules Governing Section 2254 Cases in the United

---

[4] Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts reiterates this requirement, stating that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals, authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

States District Courts, because this Court has no jurisdiction to consider the instant Petition and Petitioner.[5]

## RECOMMENDATION

Accordingly, it is recommended that the instant Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice and without issuance and service of process upon Respondents. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent).

Petitioner's attention is directed to the important notice on the next page.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 20, 2012
Florence, South Carolina

---

[5] In addition to Petitioner's failure to obtain the Fourth Circuit's authorization to file this action, the instant Petition appears to be untimely, and Petitioner does not appear to be "in custody" for purposes of establishing habeas jurisdiction. *See* 28 U.S.C. § 2244(d)(1)-(2); 28 U.S.C. § 2254(b)(1); *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 403-04 (2001); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).