IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| EDWARD LEON MULDROW, ) | Civil Action No.: 4:12-cv-02330-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JUDGE JAMES LOCKEMY; ) | |
| PATRICIA S. PARR, ASST. ) | |
| SOLICITOR; MICHAEL S. BELL, ) | |
| PUBLIC DEFENDER, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Edward Leon Muldrow, proceeding *pro se*, initiated this action by filing his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1] In the R&R, the Magistrate Judge recommends that the Court dismiss Petitioner's petition *without prejudice* and without service of process as successive.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner filed this § 2254 petition on August 15, 2012. He asserts over twenty claims, including fraud, lack of subject matter jurisdiction, actual innocence, illegal prosecution, illegal conviction, ineffective assistance of counsel, ineffective corrective process, and deliberate indifference from various officials. In summary, he alleges that he was convicted and sentenced for a second-offense distribution of crack cocaine charge when he actually should have been convicted and sentenced only on a first-offense distribution of crack cocaine charge. Petitioner also alleges that the offense he was convicted of was incorrectly designated as "no parole offense" and he was

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

illegally required to serve 85% of his sentence and then to participate in a two-year community supervision program following his release from prison on March 1, 2010. Petitioner claims that the arrest warrant, indictment, and forensic laboratory report used against him were falsified and that the assistant solicitor and his assistant public defender colluded to force him to plead guilty to a false charge.

The Magistrate Judge issued his R&R on November 20, 2012. R&R, ECF No. 15. He recommends that the Court dismiss Petitioner's petition on the basis that it is successive, citing Petitioner's previous § 2254 petitions, which were dismissed as untimely and as successive. *See* Order, Muldrow v. South Carolina, No. 3:05-cv-00388-RBH (D.S.C. Mar. 13, 2006); Order, Muldrow v. Warden Evans Correctional Institution, No. 3:07-cv-01170-RBH (D.S.C. July 24, 2009). Petitioner filed objections to the R&R on December 5, 2012. Pet'r's Objs., ECF No. 17.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the

2

recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends dismissing Petitioner's petition without requiring Respondents to file a return, concluding that the petition was successive and that Petitioner failed to obtain authorization from the Fourth Circuit. R&R 6. Petitioner's lengthy objections, however, rehash the claims of his petition and do not dispute the Magistrate Judge's conclusions that Petitioner had already filed a § 2254 petition that was dismissed as untimely and that he never obtained leave from the Fourth Circuit for this Court to consider a successive petition.

Specifically, Petitioner argues that the Magistrate Judge "does not explain how or why [his] petition is successive." Pet'r's Objs. 3. But the Magistrate Judge took notice of Petitioner's previous petitions before this Court, citing the law that provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, without authorization to hear Petitioner's successive petition, the Court finds no error in the Magistrate Judge's recommendation. *See Slack v. McDaniel*, 529 U.S. 473, 485-489 (1999) (reasoning that a successive petition is one filed after an initial petition was determined on its merits).

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a

prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## CONCLUSION

The Court has thoroughly analyzed the entire record, including the § 2254 petition, the Magistrate Judge's R&R, objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules all of Petitioner's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that the § 2254 petition is **DISMISSED** *without prejudice*.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

December 10, 2012
Florence, South Carolina